IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW LOUIS SCHULD,

               Plaintiff,

v.                                                    OPINION and ORDER

RYAN STAPLETON, DAN HORVATIN, and         25-cv-108-jdp
THIANNA WEGNER,

               Defendants.

---

Plaintiff Andrew Louis Schuld, proceeding without counsel, alleges that defendants stopped his vehicle for pretextual reasons and conducted an illegal search, which resulted in the revocation of his probation. I take Schuld to bring claims for false arrest, malicious prosecution, and tight handcuffing.

Schuld proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Schuld's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will stay this case because adjudicating Schuld's claims would unduly interfere with his state prosecutions.

BACKGROUND

In January 2024, Schuld pleaded guilty in several state criminal cases. *See* Jefferson County Case Nos. 23CF363, 23CF340, 23CF305, 23CF184, and 23CF129. The circuit court withheld Schuld's sentence and placed him on probation for four years.

Schuld's claims here arise from a February 2024 traffic stop, which led to new criminal charges. *See, e.g.*, Jefferson County Case Nos. 24CF121 and 24TR688. Schuld challenged the legality of the stop in state court, and his motion was denied on July 16, 2024. *See* docket sheet in the '121 case. Schuld's probation was revoked later that month, and he was sentenced to prison. *See* docket sheet in the '363 case; Dkt. 1 at 5. Schuld has sought an extension of time to appeal his judgments in the '363, '340, '305, '184, and '129 cases. *See* 24XX1793, 24XX1792, 24XX1791, 24XX1790, 24XX1788, and 24AXX1788.

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Younger* applies to both claims for injunctive relief and damages. *Simpson v. Rowan*, 73 F.3d 134, 137–38 (7th Cir. 1995). If *Younger* applies and the plaintiff seeks damages, courts must stay the case instead of dismissing it. *See id.*; *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Schuld alleges that defendants subjected him to a false arrest and malicious prosecution, which led to the revocation of his probation, but his appeals of those judgments are unresolved. Adjudicating Schuld's claims in this case would unduly interfere with his prosecutions, so I will stay this case pursuant to *Younger*.

ORDER

IT IS ORDERED that:

1. This case is STAYED and CLOSED pursuant to *Younger*.

2. Schuld must move to lift the stay within 30 days after the conclusion of the above criminal proceedings, including the direct appeals. If Schuld fails to comply with this order, the case will remain closed, and Schuld may be barred by the statute of limitations from bringing his claims in any future case.

Entered March 25, 2025.

                                                  BY THE COURT:

                                                  /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge