IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW LOUIS SCHULD,

                Plaintiff,

  v.                                                  OPINION and ORDER

RYAN STAPLETON, DAN HORVATIN, and            25-cv-108-jdp
THIANNA WEGNER,

                Defendants.

---

Plaintiff Andrew Louis Schuld, proceeding without counsel, alleges that defendants, all law enforcement officers with the Jefferson County Sheriff's Department, stopped his vehicle and conducted an illegal search, which resulted in the revocation of his probation. I take Schuld to bring Fourth Amendment claims based on illegal seizure, illegal search, malicious prosecution, and tight handcuffing. I stayed and closed this case pending the resolution of charges against Schuld. Now that those charges are resolved, I have reopened the case and will screen the complaint.

ALLEGATIONS OF FACT

Defendant Deputy Ryan Stapleton pulled over a vehicle that Nicole Lagalbo was driving and in which Schuld was a passenger. Stapleton told Schuld that he pulled the vehicle over because a wire was obstructing the license plate, but Stapleton could read the license plate. Stapleton also said that he pulled the vehicle over for failing to come to a complete stop at a stop sign, but Stapleton later testified that the vehicle stopped at one of two stop signs at the intersection. Lagalbo told Stapleton or defendant Deputy Thianna Wegner that the vehicle belonged to her and that she was driving it. Either Stapleton or Wegner falsely stated that

Schuld was driving and arrested both him and Lagalbo. Stapleton or Wegner took keys from Schuld and unlocked a bag and a safe that was in it. Handcuffs were applied too tightly to Schuld, which injured his wrists and back.

Schuld was cited for having an obstructed license plate and failing to come to a complete stop at a stop sign, but those charges were later dismissed. Schuld's probation was revoked, and he was sentenced to four years in prison.

BACKGROUND

Following the traffic stop, Schuld was charged with several drug, traffic, and other offenses under state law. *See* Jefferson County Case Nos. 24TR688, 24TR687, 24CF124, 24CF123, 24CF122, 24CF121, 24CF120, and 24CF115. Schuld was charged with having an obstructed license plate in the '687 case, and for failure to stop at stop sign in the '688 case. A bench trial was held on the traffic offenses. The court found Schuld guilty of failure to stop at a stop sign in the '688 case, but it dismissed the '687 case.

In the criminal cases, Schuld filed a motion to suppress challenging the legality of the stop. *See* docket sheet in the '115 case. The circuit court denied the motion, finding that Stapleton had reasonable suspicion to make the stop. *Id.* Schuld later pleaded no contest to certain charges in the '121, '123, and '124 cases, and to other charges that predated the stop. *See id.* The charge in the '688 case was dismissed pursuant to the no-contest plea.

ANALYSIS

A.  **Illegal seizure**

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend IV. Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). The Fourth Amendment permits brief traffic stops if an officer has a "reasonable suspicion" of a traffic violation. *United States v. Cole*, 21 F.4th 421, 427 (7th Cir. 2021). The issue is whether Stapleton had a reasonable suspicion that the vehicle had an obstructed license plate and had failed to stop at a stop sign.

Regarding license plate obstruction, Wisconsin requires plates to "be maintained in a legible condition and . . . displayed [so] that they can be *readily and distinctly* seen and read." Wis. Stat. § 341.15(c)(2) (emphasis added). The allegation that Stapleton could read the license plate, by itself, doesn't plausibly suggest that he lacked reasonable suspicion that the license plate was obstructed; Schuld acknowledges that a wire was near the license plate. Schuld notes that this citation was dismissed, but "the question is whether the officer reasonably believed that he saw a traffic violation, not whether the defendant actually violated the law." *See United States v. Yang*, 39 F.4th 893, 899–900 (7th Cir. 2022) (alterations adopted).

Regarding failure to stop, Schuld alleges that Stapleton testified that the vehicle stopped at one of two stop signs. But that doesn't mean that the driver stopped at the other stop sign, and the circuit court found that the evidence supported this citation. It was later dismissed, but that was pursuant to the no-contest plea. That bargained-for dismissal doesn't show that Stapleton lacked reasonable suspicion that the driver had failed to stop at one of the stop signs.

Schultz alleges that Lagalbo was driving the vehicle, but this allegation doesn't show that the stop was illegal. The issue is whether Stapleton had reasonable suspicion that the driver had committed a traffic offense. *Cf. United States v. Rodriguez-Escalera*, 884 F.3d 661, 667 (7th Cir. 2018) ("A passenger . . . may . . . challenge the legality of a traffic stop."). Even if Lagalbo was driving and owned the vehicle, that wouldn't make the stop unlawful. I will not allow Schuld to proceed on an illegal seizure claim based on Stapleton's traffic stop.

B. **Illegal search**

Schuld bases the illegal search claim on the allegation that Stapleton or Wegner took keys from him and unlocked a bag and a safe that was in it. Apparently, the bag, safe, or both held drugs and drug paraphernalia that supported the charges in the '115, '120, '121, '122, '123, and '124 cases. I will assume for purposes of screening the complaint that Schuld owned the bag and safe.

"When an individual seeks to preserve something as private, and his expectation of privacy is one that society is prepared to recognize as reasonable," "official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause." *Carpenter v. United States*, 585 U.S. 296, 304 (2018). The basic rule is that individuals have heightened privacy interests in their briefcases, purses, and similar personal effects. *See United States v. Basinski*, 226 F.3d 829, 836 (7th Cir. 2000); *cf. Bond v. United States*, 529 U.S. 334, 338–39 (2000).

Schuld's allegations plausibly suggest that he had a subjective expectation of privacy in the locked bag and safe, and that this expectation was reasonable. But I will not allow him to proceed on the illegal search claim because he hasn't identified whether Stapleton or Wegner conducted the search, and it seems likely that he would know this fact. *See Colbert v. City of*

4

*Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)).

An officer who stands by while another officer conducts an illegal search is also liable if the bystander officer has a reasonable opportunity to stop the other officer's actions. *See Yang v. Hardin*, 37 F.3d 282, 285–86 (7th Cir. 1994). Schuld hasn't provided any allegations about the conduct of the officer who didn't perform the search, so I cannot plausibly infer that Stapleton or Wegner is liable for the other officer's search. I will not allow Schuld to proceed on an illegal search claim.

**C.  Malicious prosecution**

To state a claim for malicious prosecution under § 1983, the plaintiff must plausibly allege that the defendant instituted a criminal prosecution against him without probable cause and with malice (i.e., a purpose other than bringing him justice), and that the prosecution ended without a conviction. *See Thompson v. Clark*, 596 U.S. 36, 44, 49 (2022); *Evans v. Matson*, No. 23-2954, 2024 WL 2206638, at *2 (7th Cir. May 16, 2024).

Schuld's allegations don't suggest that Stapleton had a malicious motive to issue the traffic citations. Schuld alleges that Stapleton's stop was pretextual but, as I've explained, his allegations show that Stapleton had reasonable suspicion that the driver committed traffic offenses. Schuld also alleges that he told Stapleton that he wasn't the driver, but this one allegation doesn't plausibly suggest that Stapleton believed him and issued the traffic citations regardless. Furthermore, the ultimate dismissal of the citations alone doesn't suggest malice. *Cf. Evans*, 2024 WL 2206638, at *3 (malice requires more than a determination in hindsight that the officer should not have suspected the plaintiff of the offense that was dismissed). Schuld's allegations don't plausibly suggest that Stapleton issued the traffic citations for a

5

purpose other than brining him to justice. I will not allow Schuld to proceed on a malicious prosecution claim.

**D. Tight handcuffing**

An officer's use of excessively tight handcuffs on a suspect can be excessive force in violation of the Fourth Amendment. *Day v. Wooten*, 947 F.3d 453, 462 (7th Cir. 2020). To be liable, the officer must knowingly use the handcuffs in a way that would inflict unnecessary pain or injury. *See Howell v. Smith*, 853 F.3d 892, 900 (7th Cir. 2017); *Day*, 947 F.3d at 462. A suspect's mere complaint that handcuffs are too tight isn't enough to show that the officer's application of them is excessive force. *See Day*, 94 F.3d at 462.

I will not allow Schuld to proceed on this claim for two reasons. First, Schuld hasn't identified which defendant applied his handcuffs. *See Colbert*, 851 F.3d at 657. Second, the bare allegations that the handcuffs were too tight and caused Schuld some unspecified injuries don't plausibly suggest that the officer who applied the handcuffs knowingly used them to harm Schuld. I will not allow Schuld to proceed on a tight handcuffing claim.

CONCLUSION

I will allow Schuld to file an amended complaint that fixes the problems with his Fourth Amendment claims. In drafting his amended complaint, Schuld must:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his constitutional rights. Schuld must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

6

- Schuld should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Schuld believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew Louis Schuld's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff may have until June 5, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered May 6, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge